1   Federico C. Sayre, SBN 067420
2   Kent M. Henderson, Esq., SBN 139530
    LAW OFFICES OF FEDERICO CASTELAN SAYRE
3   900 N. Broadway, 4th Floor
    Santa Ana, California 92701
4   Telephone: (714) 550-9117
5   Facsimile: (714) 550 9125
6   Attorneys for Plaintiffs
7

8                  **UNITED STATES DISTRICT COURT**

9

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11  ESTATE OF JUAN H. CARRASCO    )  **CASE NO:**  **SACV08-00981 JVS (RNBx)**
    by and through its successor in  )
12  interest and representative, TERESA )  **PLAINTIFFS' COMPLAINT FOR**
    TORRES; TERESA TORRES;        )  **DAMAGES OF FEDERAL CIVIL**
13  LEILEEN CARRASCO, JUAN H.     )  **RIGHTS VIOLATIONS (42 USC §**
14  CARRASCO, JR., STARLEEN       )  **1983)**
    CARRASCO, minors by and through )
15  their Guardian ad Litem, TERESA )
16  TORRES,                       )
                                  )  **[DEMAND FOR JURY TRIAL]**
17                                )
              Plaintiffs,         )
18                                )
19  vs.                           )
                                  )
20  THE CITY OF SANTA ANA; THE    )
21  SANTA ANA POLICE              )
    DEPARTMENT; UNIDENTIFIED      )
22  CITY OF SANTA ANA POLICE      )
23  OFFICERS; and DOES 1-10,      )
                                  )
24            Defendants.         )
25  _____)
                                  )
26                                )
27

28



-1-

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

COMES NOW PLAINTIFFS, THE ESTATE OF JUAN H. CARRASCO by and through its successor in interest and representative, Teresa Torres, et. al and alleges as follows:

## **INTRODUCTION**

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution against Defendants, CITY OF SANTA ANA, CITY OF SANTA ANA POLICE DEPARTMENT; UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS, and DOES 1-10.  Jurisdiction is founded on the basis of 28 U.S.C. §§1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law.  Venue is proper in the Central District of California, Santa Ana, because the herein described incident took place in or about Bishop Street Cedar Street in the City of Santa Ana, California.

2.     It is herein alleged that Defendants UNIDENTIFIED SANTA ANA POLICE OFFICERS and/or other officers or individuals employed by Defendants shot and killed decedent, JUAN H. CARRASCO without legal cause or excuse, made an unreasonable seizure of the person of Mr. Carrasco, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and subjected him to summary, cruel and unusual punishment in violation of the Eighth Amendment.

## **JURISDICTION**

3.     Plaintiffs, THE ESTATE OF JUAN H. CARRASCO by and through its successor in interest and representative, TERESA TORRES; TERESA TORRES; LEILEEN CARRASCO, JUAN H. CARRASCO, STARLEEN CARRASCO, minors by and through their Guardian ad Litem, TERESA TORRES, Claims for Relief arise under and violate the following laws:

(a)     Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985,

1986, and 1988;

     (b)    Monell v. Department of Social Services

     (c)    The Fourth Amendment of the United States Constitution;

     (d)    The Eighth Amendment to the United States Constitution;

     (e)    Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution;

    4.    The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331.

## VENUE

    5.    Venue is proper in the Central District Court of California in that all injuries complained of herein were caused and suffered in the County of Orange, State of California, as more fully set forth herein.  Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district."  28 U.S.C. §1891(a)(2) and §1343.  The shooting took place near Bishop Street and Cedar Street, Santa Ana, County of Orange, California.

## PARTIES

    6.    Plaintiff, THE ESTATE OF JUAN H. CARRASCO, appears by and through its successor in interest and representative, TERESA TORRES, Teresa Torres is the surviving wife of decedent JUAN H. CARRASCO.  Decedent, JUAN H. CARRASCO, was a resident of Orange County, California during all times relevant hereto.

    7.    Plaintiff, TERESA TORRES is the surviving wife and heir at law of JUAN CARRASCO, deceased, and therefore is entitled under Section 377.30 and 377.60 of the California Code of Civil Procedure to bring and maintain the present actions for herself individually and as successor in interest to the estate of decedent JUAN H. CARRASCO including those for the violation of decedent's

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

civil rights for relief enumerated herein.  At all times herein mentioned Plaintiff TERESA TORRES was a resident of the County of Orange, State of California.

8.    Plaintiff, LEILEEN CARRASCO is the surviving daughter and heir at law of JUAN H. CARRASCO, deceased, and therefore is entitled under Section 377.30 and 377.60 of the California <u>Code of Civil Procedure</u> to bring and maintain the present actions for herself individually and as successor in interest to the estate of decedent JUAN H. CARRASCO including those for the violation of decedent's civil rights and for the state law claims for relief enumerated herein. Plaintiff LEILEEN CARRASCO is a two year old having been born on July 19, 2006.   Plaintiff LEILENN CARRASCO is the natural daughter of decedent JUAN H. CARRASCO and she is the natural daughter of Plaintiff TERESA TORRES.  Plaintiff LEILEEN CARRASCO, a minor, appears in this action by and through her Guardian ad Litem and natural mother, Plaintiff TERESA TORRES.  At all times herein mentioned Plaintiff LEILEEN CARRASCO was a resident of the County of Orange, State of California.

9.    Plaintiff, JUAN H. CARRASCO, JR. is the surviving son and heir at law of JUAN CARRASCO, deceased, and therefore is entitled under Section 377.30 and 377.60 of the California <u>Code of Civil Procedure</u> to bring and maintain the present actions for herself individually and as successor in interest to the estate of decedent JUAN H. CARRASCO including those for the violation of decedent's civil rights and for the state law claims for relief enumerated herein. Plaintiff JUAN H. CARRASCO, JR. is a four year old having been born on April 5, 2004.   Plaintiff JUAN H. CARRASCO, JR. is the natural son of decedent JUAN H. CARRASCO and he is the natural son of Plaintiff TERESA TORRES. Plaintiff JUAN H. CARRASCO, JR., a minor, appears in this action by and through his Guardian ad Litem and natural mother, Plaintiff TERESA TORRES. At all times herein mentioned Plaintiff JUAN H. CARRASCO, JR. was a resident of the County of Orange, State of California.

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

10. Plaintiff, STARLEEN CARRASCO is the surviving daughter and heir at law of JUAN CARRASCO, deceased, and therefore is entitled under Section 377.30 and 377.60 of the California <u>Code of Civil Procedure</u> to bring and maintain the present actions for herself individually and as successor in interest to the estate of decedent JUAN H. CARRASCO including those for the violation of decedent's civil rights and for the state law claims for relief enumerated herein. Plaintiff STARLEEN CARRASCO is a nine year old having been born on April 16, 1999. Plaintiff STARLEEN CARRASCO is the natural daughter of decedent JUAN H. CARRASCO and she is the natural daughter of Plaintiff TERESA TORRES. Plaintiff STARLEEN CARRASCO, a minor, appears in this action by and through her Guardian ad Litem and natural mother, Plaintiff TERESA TORRES. At all times herein mentioned Plaintiff STARLEEN CARRASCO was a resident of the County of Orange, State of California.

11. At all times mentioned herein, Defendant CITY OF SANTA ANA (hereinafter sometimes "CITY") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

12. At all times mentioned herein, Defendant SANTA ANA POLICE DEPARTMENT (hereinafter referred to as sometimes "SAPD") is and was a public agency duly organized and existing under and by the laws of the State of California and/or was a department of defendant CITY. Plaintiff is informed and believes and thereon alleges that defendant CITY and/or SAPD was the employer of THE UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOE Defendants.

13. At all times relevant hereto, all UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICER Defendants, and DOE Defendants, and each of them, were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of SAPD, a department and/or a subdivision of defendant CITY and at all times were acting

Complaint for Damages

with permission and consent of their co-defendants.  Said defendants, and each of them, were specifically authorized by defendant CITY and/or the SAPD to perform the duties and responsibilities of sworn police officers of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers and officials for said defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, sergeants, captains, commanders, supervisors, policy makers and/or as other employees of the SAPD.   Said defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY, and/or its police department.

14.   Defendants CITY and/or SAPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of defendants, and each of them.

15.   Plaintiffs are ignorant of the true names and capacities of defendants sued herein as UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege said defendants' true names and capacities when such are ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name defendants.

16.   At all times relevant herein, Defendant DOES 1 through 10 were supervisors, employees and/or policy makers for defendant CITY and/or SAPD, which employed unlawful, organized and illegal customs and practices of excessive force, false arrests which lacked probable cause.  Said misconduct was encouraged, tolerated and condoned by defendants, and each of them.

Complaint for Damages

17.     At all times relevant to the present complaint, Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of defendants CITY and/or SAPD which are liable under the doctrine of *respondeat superior*, pursuant to §815.2 of the California Government Code, et al.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     On August 5, 2008, in the evening, decedent JUAN H. CARRASCO was lawfully walking in the area of Bishop Street and Cedar Street in the City of Santa Ana, County of Orange, State of California.

19.     On August 5, 2008, JUAN H. CARRASCO was not engaged in the commission of any crime and under the United States Constitution and the cases interpreting it including a right of assembly, a right of freedom of travel, and a liberty interest to be free in one's person from unlawful search and seizure of one's person, he had the right to be walking in the area of Bishop Street and Cedar Street in the City of Santa Ana.    Based on information and belief, Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, arrived at a location near Bishop Street and Cedar Street in the City of Santa Ana to investigate an incident that did not involve decedent JUAN H. CARRASCO.

20.     Based upon information and belief, once the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS had determined that there was no reasonable suspicion of wrongdoing and probable cause in regards to the incident that they had come to investigate, the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, within the course and scope of their employment, and while acting under color of law, without reasonable suspicion of wrongdoing and without probably cause focused their attention on decedent JUAN H. CARRASCO who was at a distance down the street but who,

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

unfortunately, was walking in an area where he was observed by the Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10. Based upon information and belief, Plaintiffs allege that on August 5, 2008, in the evening, the Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, while acting within the course and scope of their employment and under color of State law approached decedent JUAN H. CARRASCO, and without reasonable suspicion of wrongdoing, conducted a pat down of him which disclosed no weapons of any kind and then, without reasonable suspicion of wrongdoing and without any further probable cause, Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, while acting within the course and scope of their employment with Defendants CITY and SAPD, detained, and arrested decedent JUAN H. CARRASCO which was a violation of his Fourth Amendment rights to be free from unreasonable search and seizure as he had no weapons on him, he had committed no crimes and there was no reason for him to not be able to be free from being detained.

21.    On August 5, 2008, in the evening hours, near Bishop Street and Cedar Street in the City of Santa Ana, State of California Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, inclusive, while acting within the course and scope of their employment with CITY and SAPD and under color of State law then proceeded to shoot and kill decedent JUAN H. CASSASCO without probable cause, justification, or excuse. At the time that the aforementioned Defendants shot and killed JUAN H. CARRASCO in a situation in which to an objective, reasonable police officer, he did not represent a threat to their lives or to the lives of others.  Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, while acting within the course and scope of their employment with CITY and SAPD and while acting under color of law, shot and killed decedent JUAN H.

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

CARRASCO on August 5, 2008, while decedent JUAN H. CARRASCO had no weapon of any kind. Plaintiffs are informed and believe and thereon allege that Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, while acting within the course and scope of their employment with Defendants CITY and SAPD and while acting under color of law, did not utilize any types of intermediate levels of force, but rather, simply sought to take someone who was walking around the area unarmed into custody and then, while taking the unarmed person into custody, who never needed to be taken into custody in the first place, they shot and killed him. Plaintiffs are informed and believe and thereon allege that Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, while acting within the course and scope of their employment and while acting under color of law, shot decedent JUAN H. CARRASCO, who at all times was unarmed, multiple times and then, while decedent JUAN H. CARRASCO was crawling on his hands and knees after being wounded, Defendants UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, acting within the course and scope of their employment with Defendants CITY and SAPD and while acting under color of law, shot decedent JUAN H. CARRASCO again while he crawled along the ground wounded still with no weapons of any kind. This caused his untimely death.

22.   JUAN H. CARRASCO constituted no threat to the officers or others, and although there was no legal cause or excuse to seize the person of the decedent, he was shot to death.

23.   JUAN H. CARRASCO was engaged in lawful activity. The decedent was approached by UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and/or DOES 1-10 without reason, cause or justification. Defendants thereafter fired upon JUAN H. CASSASCO, causing his death.

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

24. Plaintiff is informed, believes and thereupon alleges that JUAN H. CARRASCO died after suffering great pain and anguish, after he was shot multiple times.

25. Decedent was unarmed at all times relevant herein and had not assaulted or threatened the officer(s), nor was he engaged in criminal activity. At no time during the above-described events was JUAN H. CARRASCO armed with any weapon, or a threat to the safety of the officers or others.

26. Defendants, and each of them, had no probable cause for his detention or arrest and no legal cause or excuse to seize the person of JUAN H. CARRASCO.

27. Defendants, and each of them, discharged their firearm(s) negligently, recklessly, intentionally, tortiously and/or with the intent to kill and/or commit serious bodily injury upon JUAN H. CARRASCO and to violate said decedent's civil rights.

28. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

       a.    Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

       b.    Loss of his life;

       c.    Conscious physical pain, suffering, and emotional trauma.

29. As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

a.   Loss of love, aid, comfort and society due to the death of Decedent JUAN H. CARRASCO, according to proof;

b.   Loss of economic support of decedent, JUAN H. CARRASCO, and

c.   Funeral and burial expenses according to proof.

30.   In contacting, confronting and dealing with the decedent, the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICER DEFENDANTS and DOES 1-10 employed flawed and substandard tactics.  Said tactics were intentional, negligent, reckless and/or otherwise tortious and resulted from the flawed, inadequate and substandard training provided by the SAPD to its officers, supervisors and/or other employees regarding the handling of civilians encountered in the street.  Such inadequate training may have left said individuals unprepared for handling such encounters and created a scenario where the subject officers, and/or other defendants improperly used deadly force.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 USC § 1983).

### [By All Plaintiffs Against All Defendants]

31.   PLAINTIFFS hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

32.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendment of the United States Constitution, for violation of the procedural and substantive due process rights of PLAINTIFFS.

33.   At the time and place alleged herein, Defendants were present at the immediate scene of the shooting of JUAN H. CARRASCO.

34.   At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting of JUAN

H. CARRASCO. Defendants the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10, CITY and SAPD shot and killed decedent JUAN H. CARRASCO in violation of 42 U.S.C. § 1983 and in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Excessive force was used to kill decedent, while the officers acted under color of law. Decedent was killed by Defendants without justification, cause, or excuse in violation of 42 U.S.C. § 1983.

35. At said date and location, said Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the Untied States of America.

36. At said date and location, in deliberate indifference to the life, health and Constitutional rights of JUAN H. CARRASCO decedent, said Defendants intentionally and with deliberate indifference to the civil rights of JUAN H. CARRASCO decedent, refrained from so intervening, in violation of 42 U.S.C. Sections 1985, 1986.

37. As a result thereof, said Defendants unlawfully shot JUAN H. CARRASCO decedent in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

38. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

39. Defendants CITY and SAPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

40. As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

       a.    Loss of love, aid, comfort and society due to the death of Decedent JUAN H. CARRASCO, according to proof;

       b.    Loss of economic support of decedent, Plaintiff JUAN H. CARRASCO, and

       c.    Funeral and burial expenses according to proof.

41.   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

       a.    Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

       b.    Loss of his life;

       c.    Conscious physical pain, suffering, and emotional trauma.

## SECOND CLAIM FOR RELIEF
### SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFFS' DECEDENT [By All Plaintiffs Against All Defendants]

42.   PLAINTIFFS repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFFS are informed and believe and thereon allege that:

43.   This action is brought pursuant to 42 U.S.C. §1983, for violation of JUAN CARRASCO's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

Complaint for Damages

44.     On the date of the shooting of JUAN H. CARRASCO, SUPERVISING OFFICER DEFENDANTS DOES 1-10, sued herein in their municipal official and official capacity, SAPD and CITY with supervisory authority over the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10 were present at the time and location of the shooting of JUAN H. CARRASCO.

45.     Plaintiffs are informed and believe and thereon allege that DEFENDANTS participated in, encouraged, condoned and ratified the conduct of DEFENDANTS, in approaching, contacting, seizing or attempting to seize, and shooting JUAN H. CARRASCO.

46.     SUPERVISING OFFICER DEFENDANTS DOES 1-10 learned of and became aware of the shooting of JUAN H. CARRASCO and conducted an investigation of the shooting by personally evaluating the evidence of the incident, by taking statements from the individuals involved and by conducting a "walk-through" of the incident with the individuals involved, and were aware of the customs, practices, and propensities of their subordinate officers defendants involved in said shooting to use excessive force in violation of P.C. §118.1 among other wrong acts.   Notwithstanding this, SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and SAPD tolerated, encouraged and condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking the misconduct.

47.     Notwithstanding this knowledge, SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and SAPD encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10 by failing to discipline said officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for the misconduct, and in the present

instance failing to supervise and control said defendants, so as to prevent the misconduct alleged herein and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

48.   By consciously and deliberately overlooking the acts of misconduct and criminal acts by their subordinate officers, SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and SAPD established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and SAPD was so comprehensive and well known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and to commit crimes and/or wrongdoing such as the above-mentioned acts and omissions with impunity.

49.   Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and SAPD were deliberately indifferent to the constitutional violations being committed by their subordinates, including the UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICERS and DOES 1-10.

50.   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

        a.      Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United

Complaint for Damages

States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

    b.    Loss of his life;

    c.    Conscious physical pain, suffering, and emotional trauma.

51.    As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

    a.    Loss of love, aid, comfort and society due to the death of Decedent Plaintiff JUAN H. CARRASCO, according to proof;

    b.    Loss of economic support of decedent, Plaintiff JUAN H. CARRASCO, and

    c.    Funeral and burial expenses according to proof.

## THIRD CLAIM FOR RELIEF

## MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

### [By All Plaintiffs Against All Defendants]

52.    PLAINTIFFS hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

53.    This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFFS' rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

54.    JUAN H. CARRASCO possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and excessive force by SAPD.

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

55.    On said date, UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICER DEFENDANTS and DOES 1-10 and each of them, acting within the course and scope of their duties as peace officers of the CITY, deprived JUAN H. CARRASCO his rights to be free from unreasonable seizures, excessive force, and searches, and to be provided with reasonable medical attention and care, when said defendants unreasonably and without justification shot JUAN H. CARRASCO.

56.    At   the   time   of   these   constitutional   violations   by   said DEFENDANTS, SAPD and/or SUPERVISING OFFICER DEFENDANTS had in place, and had ratified policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments use deadly force against unarmed suspects.  These policies, customs, practices, also called for or permitted the unreasonable or excessive use of force against Hispanic and/or minority suspects.

57.    Said policies, procedures, customs and practices also called for CITY and the SAPD not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints of excessive force, wrongful shootings of such persons, conduct by officers of the SAPD and for CITY to fail to objectively and/or independently investigate or in any way properly deal with or respond to claims and lawsuits made as a result of such shootings and misconduct.

58.    Said policies, procedures, customs and practices called for and led to the refusal of said defendants to properly investigate complaints of previous incidents of excessive force, wrongful shootings of such persons and instead, officially claim that such incidents were justified and proper.

59.    Said policies, procedure customs an practices called for said defendants, and each of them, by means of inaction and cover-up, to encourage an

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

atmosphere of lawlessness within the police department and to encourage their police officers to believe that excessive force against suspects, including members of minority groups, was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

60.    Said policies, procedures, customs and practices evidenced a deliberate indifference to the violations of the constitutional rights of the present plaintiffs.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said defendants of their similar incidents.

61.    Deliberate indifference to the civil rights of minority groups and other victims of the SAPD'S excessive force and officer-involved shootings was also evidenced by defendants' failure to train or retain officers in proper, safe and constitutional requirements regarding the provision of medical services to those persons shot by officers of the SAPD.

62.    Deliberate indifference to the civil rights of minority groups and other victims of the SAPD'S excessive force and officer-involved shootings was also evidenced by said defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to suspects or the families of suspects.

63.    Deliberate indifference is also evidenced by maintenance of an inadequate system of use-of-force tracking, government claim/lawsuit tracking, and an independent system of officer discipline and independent and objective investigation by CITY and/or SAPD department which failed to identify and investigate instances of excessive force against suspects, improper use of firearms, falsification of evidence, submission of false police reports and perjury, and by the failure of said defendants to adequately train and more closely

supervise or retain officers and/or discipline or recommend prosecution of those officers who if fact improperly used excessive force against suspects.

64.     Based on information and belief other systemic deficiencies of said defendants which indicated and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the SAPD include:

a)     preparation of investigative reports by SAPD officers, sergeants, and other supervisors designated to vindicate the use of force and firearms against suspects regardless of whether such use was justified;

b)     preparation of investigative reports which uncritically rely solely on the word of SAPD officers involved in the shooting or use of force incidents and which systematically fail to credit testimony by non-officer witnesses;

c)     preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d)     issuance of public statements exonerating officers involved in such incidents prior to he completion of investigations of the shootings and/or use of force;

e)     failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the shooting or use of force or which contradicts such evidence; and,

f)     failure to maintain centralized department-wide systems for the tracking and monitoring of the use of excessive force, citizens' complaints, government tort claims, abuse of authority, and race-based misconduct by individual officers so as to identify those

Complaint for Damages

1        officers who engage in a pattern of excessive force, abuse of police

2        authority and police misconduct.

3        65.    Said defendants also maintained a system of grossly inadequate

4 training regarding the use of force and regarding the training for police testimony

5 in trial as well as the collection of evidence, and the preparation of police reports.

6        66.    Deliberate indifference to the civil rights of suspects and other

7 victims of the SAPD'S excess force and officer-involved shootings was also

8 evidenced by said SUPERVISING OFFICER DOES 1-10 defendants' failure to

9 implement an officer discipline system which would conduct meaningful and

10 independent investigations of officer shootings and of citizen complaints.

11        67.    Deliberate indifference to the civil rights of members of minority

12 groups and other victims of the SAPD'S excessive force and officer-involved

13 shootings was also evidenced by said defendants' implementing a practice and

14 custom with the SAPD of permitting officers of the SAPD to engage in unlawful

15 activities while on duty, including, but not limited to the herein mentioned acts

16 and/or omissions along with other crimes.

17        68.    The foregoing acts, omissions, and systemic deficiencies are policies

18 and customs of CITY, SUPERVISING OFFICER DEFENDANTS DOES 1-10

19 and SAPD to be unaware of, or intentionally overlook and ignore, the rules and

20 laws governing the permissible use of force, including the use of force against

21 suspects.  The foregoing acts, omissions, and systemic deficiencies are policies

22 and customs of said defendants and such caused, permitted and/or allowed under

23 official sanction DEFENDANTS to believe that their use of firearms and police

24 force against suspects is entirely within the discretion of the officer and that

25 improper and unlawful searches, seizures and use of excessive force, would not

26 be objectively, thoroughly and/or properly investigated, all with the foreseeable

27 result that said  defendants' officers would use deadly force in situations where

28 such force is neither necessary, reasonable nor legal, and falsify evidence, submit

false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact.

69.   As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of said defendants, JUAN H. CARRASCO was unlawfully shot and killed.

70.   As a direct and proximate result of the aforementioned act alleged herein, JUAN H. CARRASCO suffered gunshot wounds which caused him serious and life-threatening injuries, and/or was denied prompt and necessary medical attention, all of which eventually caused his death.

71.   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

a.   Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

b.   Loss of his life;

c.   Conscious physical pain, suffering, and emotional trauma.

72.   Defendants CITY and SAPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity. As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

Complaint for Damages

1          a.     Loss of love, aid, comfort and society due to the death of

2                Decedent JUAN H. CARRASCO, according to proof;

3          b.     Loss of economic support of decedent, JUAN H.

4                CARRASCO, and

5          c.     Funeral and burial expenses according to proof.

6                          **FOURTH CLAIM FOR RELIEF**

7 **VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE**

8 **FOURTEENTH AMENDMENT AS TO ALL DEFENDANTS [By All**

9                  **Plaintiffs Against All Defendants]**

10      73.     PLAINTIFFS repeat, re-allege and incorporate each and every

11 allegation of each and every paragraph above as though fully set forth herein.

12      74.     As the wife and children of decedent, JUAN H. CARRASCO, had a

13 cognizable interest under the due process clause of the Fourteenth Amendment of

14 the United States Constitution to be free from unwarranted state interference in

15 her familial relationship.

16      75.     As a result of the misconduct, acts, omissions, policies, procedures,

17 customs and patterns of conduct and customs of all the defendants named herein

18 as alleged above, JUAN H. CARRASCO was wrongfully and unlawfully shot and

19 killed.

20      76.     As a direct and proximate result of the aforementioned misconduct,

21 acts, omissions, policies, procedures, customs and patterns of conduct and

22 customs of all the defendants named herein as alleged above of the above-named

23 defendants and each of them, PLAINTIFFS' constitutional rights under the due

24 process clause of the Fourteenth Amendment not be to deprived of the comfort,

25 support, services, companionship and society of their husband and father, JUAN

26 H. CARRASCO by the unwarranted interference in PLAINTIFF'S relationship

27 with him has been violated.

28

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

77.    As a direct and proximate result of the aforementioned misconduct, acts, omissions, policies, procedures, customs and patterns of conduct and customs of all the defendants named herein, and each of them, PLAINTIFFS have suffered extreme and severe mental anguish and pain and has been injured in mind and body, all to their general damage, which is hereby sought, according to proof. This, as a result of being deprived of the love, affection, and companionship of JUAN H. CARRASCO.

78.    As a direct and proximate result of the aforementioned act alleged herein, JUAN H. CARRASCO suffered gunshot wounds which caused him serious and life-threatening injuries, and/or was denied prompt and necessary medical attention, all of which eventually caused his death.

79.    As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

> a.    Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.
>
> b.    Loss of his life;
>
> c.    Conscious physical pain, suffering, and emotional trauma.

80.    Defendants CITY and SAPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

      a.    Loss of love, aid, comfort and society due to the death of Decedent Plaintiff JUAN H. CARRASCO, according to proof;

      b.    Loss of economic support of decedent, Plaintiff JUAN H. CARRASCO, and

      c.    Funeral and burial expenses according to proof.

### FIFTH CLAIM FOR RELIEF

**CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. SECTIONS 1985(2), 1985(3) AND 1986 by All Plaintiffs Against All Defendants]**

81.    PLAINTIFFS repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiffs are informed and believes and thereon alleges the following:

82.    This action is brought pursuant to 42 U.S.C. §1983 and §1985 and the Fourth and Fourteenth Amendments of the United States Constitution.

83.    Commencing on the date of the shooting of JUAN H. CARRASCO and subsequent thereto, in the State of California, County of Orange and City of Santa Ana, and SUPERVISING OFFICER DEFENDANTS DOES 1-10 individually and as officer of the SAPD, and each of them, and by reason of animus against minorities, including JUAN H. CARRASCO herein, as members of a discernible and recognized group of persons characterized as Latino/Hispanic, and hatred of same, conspired together and agreed to act in concert to commit an act for the purpose of (i) impeding, hindering, obstructing, and defeating the due course of justice in the State of California and the County of Orange; (ii) to unlawfully arrest, detain, submit JUAN H. CARRASCO; (iii) to deny equal protection of the laws to said persons and JUAN H. CARRASCO; (iv)

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

to subject said persons and JUAN H. CARRASCO to unreasonable seizure in the form of a shooting.

84.     Said defendants, and each of them, knew the plan along with other co-conspirators purposefully, under color of law, planned and intended to deny JUAN H. CARRASCO the equal protection of the laws and injured plaintiff, JUAN H. CARRASCO in the following respects:

a.     To deny the right to be free from unreasonable seizures in the form of excessive force;

b.     To deny the right not to be deprived of liberty without due process of law;

c.     To deny the right against cruel and unusual punishment,

d.     To deny the right to be free from unwarranted state interference with one's right to freely associate with others.

85.     By virtue of the foregoing, two or more of said defendants conspired for the purpose of:

a.     Depriving him of equal protection of the laws and of equal protection and immunities under the law, and;

b.     Preventing and hindering the extant authorities, including but not limited to the CITY, SAPD, from giving and securing JUAN H. CARRASCO equal protection of the law and preventing deprivation of liberty and property without due process of law.

86.     Said Defendants, and each of them, caused to be done, an act or acts in furtherance of the object of conspiracy, as enumerated above herein, whereby JUAN H. CARRASCO was deprived of rights and privileges as set forth above.

87.     By virtue of the foregoing, said defendants caused injury, damages to PLAINTIFFS in violations of 42 U.S.C. Sections 1985(2), 1985(3), 1985(e) and 1986.

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

88.     Notwithstanding the duties owed to JUAN H. CARRASCO, these defendants, and each of them, with deliberate indifference to the constitutional rights of JUAN H. CARRASCO, failed and refused to prevent the wrongs conspired to be committed against JUAN H. CARRASCO, despite their ability and duty to do so.   The aforementioned acts, omission and conduct of UNIDENTIFIED CITY OF SANTA ANA POLICE OFFICER DEFENDANTS and DOES 1-10 and SUPERVISING OFFICER DEFENDANTS was willful, wanton, malicious and oppressive thereby justifying the warding of exemplary and punitive damages as to these individual defendants.

89.     As a direct and proximate result of the aforementioned act alleged herein, JUAN H. CARRASCO suffered gunshot wounds which caused him serious and life-threatening injuries, and/or was denied prompt and necessary medical attention, all of which eventually caused his death.

90.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

    a.  Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

    b.  Loss of his life;

    c.  Conscious physical pain, suffering, and emotional trauma.

91.     Defendants CITY and SAPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code

Complaint for Damages

for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

        a.     Loss of love, aid, comfort and society due to the death of Decedent JUAN H. CARRASCO, according to proof;

        b.     Loss of economic support of decedent, JUAN H. CARRASCO, and

        c.     Funeral and burial expenses according to proof.

## PRAYER

Wherefore, the Plaintiffs for each and every claim for relief above demands the following relief, jointly and severally, against all the defendants;

(a)    Compensatory general and special damages in an amount in accordance with proof which are:

(1.)   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, JUAN H. CARRASCO suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal Civil Rights statutes identified herein:

        a.     Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

        b.     Loss of his life;

        c.     Conscious physical pain, suffering, and emotional trauma.

Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

(2.) As a direct and proximate result of the actions of Defendants, Plaintiffs suffered the following injuries, including but not limited to:

    1.  Loss of love, aid, comfort and society due to the death of Decedent JUAN H. CARRASCO, according to proof;

    2.  Loss of economic support of decedent, according to proof, and

    3.  Funeral and burial expenses according to proof.

    (b)    Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988; Attorney fees Awards Act of 1976, and 42 USC section 1983.

    (c)    Costs of suit necessarily incurred herein;

    (d)    Prejudgment interest according to proof;

    (e)    Burial and funeral expenses;

    (f)    Such other and further relief as the Court deems just and proper.

Dated:  August 29, 2008      Respectfully submitted,

LAW OFFICES OF FEDERICO C. SAYRE

By: _____
Federico Castelan Sayre
Attorneys for Plaintiffs

-28-
Complaint for Damages

## **DEMAND FOR JURY**

Plaintiffs hereby demand a trial by jury in this matter.

Dated:  August 29, 2008       Respectfully submitted,

LAW OFFICES OF FEDERICO C. SAYRE

By: _____

Federico Castelan Sayre
Attorneys for Plaintiff

-30-
Complaint for Damages

I:\Docs\Estate of Juan Carrasco\COMPLAINT 082508 KMH.doc

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV08- 981 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO-440 (Rev. 8/01)  Summons in a Civil Action

# United States District Court

## Central District of California

ESTATE OF JUAN H. CARRASCO by and through its successor in
interest and representative, TERESA TORRES; TERESA TORRES;
LEILEEN CARRASCO, JUAN H. CARRASCO, JR., STARLEEN
CARRASCO, minors by and through their Guardian Ad Litem, TERESA
TORRES,

**SUMMONS IN A CIVIL CASE**

V.                                   Plaintiffs

CASE NUMBER:  **SACV08-00981 JVS (RNBx)**

THE CITY OF SANTA ANA; THE SANTA POLICE
DEPARTMENT; UNIDENTIFIED CITY OF SANTA ANA
POLICE OFFICERS; and Does 1-10,

Defendants.

**TO:** (Name and address of Defendant)

THE CITY OF SANTA ANA; THE SANTA POLICE DEPARTMENT; UNIDENTIFIED CITY OF SANTA
ANA POLICE OFFICERS; and Does 1-10

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Federico Castelan Sayre, Esq., SBN: 067420
**LAW OFFICES OF FEDERICO CASTELAN SAYRE**
900 North Broadway, 4th Floor
Santa Ana, CA 92701
Telephone: (714) 550-9117
Facsimile: (714) 550-9125

an answer to the complaint which is served on you with this summons, within _____ days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be
filed with the Clerk of this Court within a reasonable period of time after service.

Clerk of Court

CLERK

SEP - 2 2008

DATE

**ROLLS ROYCE PASCHAL**

(By) DEPUTY CLERK

AO-440